**Salem**

AMP, INCORPORATED, et al.

v.

MARIA R. RUEBUSH

No. 0732-89-3

Decided May 8, 1990

COUNSEL

Thomas G. Bell, Jr. (Timberlake, Smith, Thomas & Moses, P. C., on brief), for appellant.

Thomas W. Dixon, Jr. (Nelson, McPherson, Summers & Santos, on brief), for appellee.

Opinion

**KOONTZ, C.J.**—AMP, Inc. (AMP) appeals from a decision of the Industrial Commission awarding benefits to Maria R. Ruebush for an injury sustained in an industrial accident while employed by AMP. On appeal, AMP contends that the commission should have been barred from considering certain medical evidence by the doctrine of *res judicata* and therefore erred by awarding Ruebush benefits for a change of condition based on that evidence. AMP further contends that Ruebush should have been denied benefits on the ground that she failed to meet her burden of proving that she made reasonable efforts to market her remaining capacity to work. We conclude that Ruebush's second claim based on a change of condition is barred by the doctrine of *res judicata*. Consequently, we do not consider the issue of whether Ruebush failed to prove that she made reasonable efforts to market her remaining capacity to work.

Maria R. Ruebush was employed in the inspection department of AMP, Inc. On April 15, 1986, she suffered an industrial accident when she ran into a swinging door that had been locked without her knowledge and fell backward, resulting in injuries to her back and neck. The parties executed a Memorandum of Agreement and an award of compensation for temporary-total work incapacity was entered on June 6, 1986, covering the period from April 28, 1986 to August 23, 1987. The award was terminated on August 24, 1987, when Ruebush returned to work at her pre-injury wage as agreed. On October 29, 1987, Ruebush filed an application for reinstatement of compensation based on a change of condition or, in the alternative, reinjury from a lifting incident at work on September 28, 1987. The deputy commissioner denied the claim on May 27, 1988. At the hearing, the deputy commissioner refused a motion to keep the record open for admission of a medical report, which counsel for Ruebush indicated was still pending. In so doing, the deputy commissioner noted counsel's exception to the ruling and stated that the report could be used as the basis for a future application. Ruebush appealed this decision to the full commission, which affirmed the opinion of the deputy commissioner on July 14, 1988. She did not appeal the commission's decision.

Ruebush subsequently filed a second claim alleging a change of condition due to "additional medical evidence in the form of a

new medical report and tests . . . ." On November 29, 1988, the deputy commissioner issued another opinion awarding benefits based on this new evidence. The deputy commissioner incorporated by reference the previous opinions of May 27, 1988 and July 14, 1988 into his opinion. On review, the commission affirmed the award in its opinion of April 17, 1989, finding that Ruebush had established a causal connection between her current condition and the industrial accident of April 15, 1986. The commission's opinion noted that their earlier denial of compensation was based on the failure of Ruebush's physicians to state a definite causal connection, which led the commission to conclude that Ruebush's osteoperosis rather than her industrial accident was the disabling factor. AMP appeals from the commission's decision to award benefits.

AMP argues that a "change in condition" under Code § 65.1-8 does not allow the commission unlimited discretion to readjudicate its decisions and asserts that the holding in *Mace v. Merchants Delivery Moving & Storage*, 221 Va. 401, 270 S.E.2d 717 (1980), is not applicable to the present case. We agree. The Supreme Court held in *Mace* that "a change in an attending physician's opinion concerning an employee's *ability to resume work* meets the criteria detailed in Code § 65.1-8." *Id.* at 405, 270 S.E. 2d at 719-20 (emphasis added). It is clear that a "change in 'condition' includes the 'capacity to work.'" *Central Virginia Training Center v. Martin*, 2 Va. App. 188, 192, 342 S.E.2d 652, 654 (1986). However, the ability or capacity to work is a different matter than the issue of causation. In *Mace*, the employer was applying for a termination of benefits based on a change of condition due to a change in the attending physician's opinion concerning the employee's ability to resume unrestricted work. Causation was not an issue. Here, Ruebush sought reinstatement of benefits, and her application based on a change in condition necessarily placed in issue both incapacity and causation. *See id.* at 192, 342 S.E.2d at 654. The difference between an employer's application for termination of benefits based on a change of condition and an employee's application for reinstatement of disability benefits was explained in *King's Market v. Porter*, 227 Va. 478, 317 S.E.2d 146 (1984). In the former, as in *Mace*,

the only question is whether the employee's prior condition of work incapacity has changed; the question of causal connec-

tion is not an issue. On the other hand, when an employee files an application for reinstatement of disability benefits, two questions arise: (1) has there been a change in the employee's capacity to work; (2) if so, is the change due to a condition causally connected with the injury originally compensated.

*Id.* at 483, 317 S.E.2d at 148. *Mace* did not hold that a change in the attending physician's opinion as to *causation* constitutes a proper ground for an employee's application for benefits based on a change in condition.

Causation is an essential element which must be proven by a claimant in order to receive an award of compensation for an injury by accident under the Virginia Workers' Compensation Act. The injury must arise "out of and in the course of the employment." Code § 65.1-7. The "arising out of" element requires the employee to show a causal connection between the work-related accident and the bodily change. *McFeely Hardwoods & Lumber v. Miller*, 4 Va. App. 334, 337, 358 S.E.2d 178, 179 (1987). A final judgment based on a determination by the commission on the issue of causation conclusively resolves the claim as to that particular injury. Thereafter, absent fraud or mistake, the doctrine of *res judicata* bars further litigation of that claim. *See K & L Trucking Co. v. Thurber*, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985)(where claimant had opportunity at first hearing to present evidence that he, rather than employer, had procured selective employment from which he was discharged and that his failure to report to work was due to his physical incapacity, his failure to present such evidence or appeal from the decision barred the commission from reviewing the matter); *see also Childress v. Beatrice Pocahontas Co.*, 6 Va. App. 88, 93, 366 S.E.2d 722, 725 (1988).

This case involves an injury by accident as opposed to an occupational disease. Unlike claims based on injury by accident, claims arising from an occupational disease may be pursued more than once when based on different medical evidence establishing the disease. *See Cook v. Clinchfield Coal Co.*, 215 Va. 599, 212 S.E.2d 263 (1975); *Childress v. Beatrice Pocahontas Co.*, 6 Va. App. 88, 366 S.E.2d 722 (1988); *Parris v. Appalachian Power Co.*, 2 Va. App. 219, 343 S.E.2d 455 (1986). An injury by acci-

dent differs from an occupational disease, which may be latent or progressive and might not manifest itself until several years after exposure to the causative hazard. *Childress*, 6 Va. App. at 92 n. 3, 366 S.E.2d at 724 n.3. The issue of *causation* in cases involving an industrial accident, however, is not an issue subject to change and should, therefore, ordinarily be barred from relitigation by the doctrine of *res judicata* once a final judgment has been entered.

In this case, Ruebush's initial application for reinstatement of disability benefits was denied by the deputy commissioner, who denied her motion to hold the record open for inclusion of a medical report which was still pending at the time of the hearing. The deputy commissioner stated that his reason for deciding to close the record was the length of time the case had been pending. The full commission stated in its July 14, 1988 review opinion that it found no error on the part of the deputy commissioner in refusing to leave the record open for the submission of such report and affirmed the decision. Ruebush failed to appeal the commission's decision on her initial application, so we are unable to review that decision. Instead, Ruebush filed a second application based on the "additional medical evidence."

■ Ruebush's second claim did not allege any change in her capacity to work or a change in her physical condition. Its only basis was evidence of a change in her physician's opinion on the issue of causation. The claim should, therefore, have been barred from relitigation on grounds of *res judicata*. We find that it was error for the deputy commissioner and the full commission to re-hear the same claim on the issue of causation after final judgment had been entered denying Ruebush's application for reinstatement of benefits. Although the deputy commissioner's decision to close the record excluded important evidence, the full commission found his ruling was based on a valid consideration. That decision became final and, since none of the well recognized exceptions to the *res judicata* doctrine are applicable, the commission was bound by it. *See Childress*, 6 Va. App. at 93, 366 S.E.2d at 725. As we noted in *Childress*, *res judicata* rests upon "public policy considerations which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent harassment of parties . . . . [T]he doctrine is firmly established in our jurisprudence and should be maintained where applicable." *Id.* (quoting *K & L Trucking Co. v. Thurber*, 1 Va. App. 213, 219, 337

S.E.2d 299, 302 (1985)).

For the reasons stated above, we reverse the decision of the commission.

*Reversed.*

Keenan, J., and Moon, J., concurred.