COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Bray and Annunziata


JOHNNY ROBINSON

MEMORANDUM OPINION[*]
v.   Record No. 0459-95-4              PER CURIAM
                                    SEPTEMBER 19, 1995
EALEY, GIBSON, EALEY PLASTERING COMPANY, INC.
AND
AETNA CASUALTY AND SURETY COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Michael W. Heaviside; Ashcraft & Gerel, on brief),
            for appellant.

            (Michael V. Durkin, on brief), for appellees.


        Johnny Robinson contends that the Workers' Compensation

Commission erred in finding that his November 16, 1993 change in

condition application was barred by the doctrine of res judicata.

 Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

        In AMP, Inc. v. Ruebush, 10 Va. App. 270, 274, 391 S.E.2d

879, 881 (1990), this Court held:
            Causation is an essential element which
            must be proven by a claimant in order to
            receive an award of compensation for an
            injury by accident under the Virginia
            Workers' Compensation Act. . . .  A final
            judgment based on a determination by the
            commission on the issue of causation
            conclusively resolves the claim as to that
            particular injury.  Thereafter, absent fraud
            or mistake, the doctrine of res judicata bars
            further litigation of that claim.

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

In relying upon Ruebush to deny claimant's application, the commission found as follows:

> [T]he claimant here now tries to relitigate the question of causation between the accident and his degenerative disc condition and disc herniation, precisely the same issue previously litigated and decided by Deputy Commissioner Gorman on August 26, 1993 and the Full Commission on April 4, 1994. Although the Opinions do not strictly state that those injuries were not caused by the accident, causation was then an issue and was unsuccessfully argued by the claimant. Having failed to prove causation regarding this injury at the earlier hearing, he cannot now revisit and relitigate that issue. Stated another way, the claimant may here have proved another period of disability, but even this period of disability is caused by an injury already determined to be unrelated to the occupational accident and results from a condition that is not the responsibility of the employer.

In litigating his November 16, 1992 application, claimant bore the burden of proving a causal link between his disc condition and the October 27, 1992 industrial accident. On April 4, 1994, the commission rendered final judgment on this issue, ruling that claimant did not meet his burden. Claimant did not appeal this decision. Thus, it became final.

Claimant's November 16, 1993 change in condition application requested compensation benefits for disability benefits beginning August 28, 1993 resulting from the same disc condition that the commission had previously ruled was not causally related to the October 27, 1992 injury by accident. In injury-by-accident cases, the issue of causation is not subject to change.

2

Therefore, once a final judgment is rendered, relitigation of causation is barred by res judicata. Ruebush, 10 Va. App. at 275, 391 S.E.2d at 881.

Based upon this record and Ruebush, the commission did not err as a matter of law in finding that the claimant's November 16, 1993 change in condition application was barred by res judicata.

For these reasons, we affirm the commission's decision.

Affirmed.