COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


THE FINGLES COMPANY
and
MANUFACTURERS' ALLIANCE
 INSURANCE COMPANY                              OPINION
                                       BY JUDGE JOSEPH E. BAKER
v.        Record No. 2882-95-1              JULY 9, 1996

RICHARD E. TATTERSON


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Kathryn Spruill Lingle (Midkiff & Hiner,
            P.C., on briefs), for appellants.

            Karen M. Rye (Holly L. Bonham, on brief), for
            appellee.


        The Fingles Company and Manufacturers' Alliance Insurance

Company (jointly referred to herein as employer) appeal the

decision of the Workers' Compensation Commission (commission)

holding that Richard E. Tatterson (claimant) had not been

released to return to his pre-injury employment.  Finding the

decision of the commission to be in error, we reverse.

        Claimant sustained a fracture of his right femur on February

18, 1992, while working for employer as a sheet metal journeyman.

 The claim was accepted as compensable and compensation benefits

were paid.

        Under the direction of Dr. Harry J. Molligan,

orthopedic/trauma surgeon, claimant underwent a "reconstruction

IM nailing of his right femur."  Following the surgery, claimant

returned to restricted work on June 4, 1992, but became disabled

again when he underwent a second surgical procedure on July 10, 1992 to remove screws in his femur.[1]

In January 1994, after Dr. Molligan discontinued his practice, claimant came under the care of Dr. John J. Schaffer, orthopedic surgeon, sports medicine, and arthroscopic surgery specialist. In December 1994, after several examinations, Dr. Schaffer recommended to employer that claimant be evaluated by his associate, Dr. Wilford K. Gibson, orthopedic/general surgeon and fracture/trauma specialist.

Dr. Gibson evaluated claimant on December 9, 1994. His examination revealed that claimant was able to ambulate without aids and without a noticeable limp. Dr. Gibson noted a full active range of motion of the right hip and knee. Muscle strength was graded as five out of five in the quadriceps, hip flexors, hamstrings, tibialis anterior, and gastrosoleus muscle complex. Dr. Gibson assessed claimant as having a "well-healed right femur fracture with symptomatic hardware." He recommended that claimant "return to full activities, which would include work."

Upon receipt of this report, on December 28, 1994, employer wrote Dr. Schaffer requesting his opinion concerning claimant's ability to return to work and asked specifically whether he felt

---

[1]On May 5, 1993, claimant submitted to an independent examination by Dr. Colin W. Hamilton, an orthopedic surgeon, who reported that claimant "needs further surgery, very likely bone-grafting, to allow the fracture to heal."

that claimant "could return to full duty work." Employer further asked, "[i]f you do not feel that [claimant] can be released to full duty work, can you please state what restrictions, if any, you would impose on his working capabilities."

In Dr. Schaffer's reply to employer, he wrote that he agreed with Dr. Gibson's evaluation and would "not alter [Dr. Gibson's] suggestions about either returning to work or work status or physical limitations." He did not place any restrictions on claimant's ability to return to work.

In a further report dated June 13, 1995, Dr. Schaffer stated that claimant "could return to full pre-injury employment as a journeyman."

Employer filed an application alleging a change in condition and seeking termination of compensation benefits. The deputy commissioner held that employer met its burden of proof and terminated compensation benefits.

On review, a majority of the commission reversed the deputy commissioner. In its opinion, the commission asserted that nothing in the record indicated that either Dr. Gibson or Dr. Schaffer was familiar with claimant's pre-injury duties, and held that employer had presented no evidence that claimant had been unequivocally released to return to unrestricted work. We disagree.

The commission erred in finding that neither Drs. Gibson nor Schaffer unequivocally stated that claimant was fully able to

return to unrestricted work. In fact, in its opinion, the commission recognized that Dr. Gibson "unequivocally opined that the claimant could return to his full activities 'which would include work . . . .'" Dr. Schaffer, claimant's treating physician, concurred with Dr. Gibson's assessment and affirmed that claimant "could return to full pre-injury employment as a journeyman." See Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986) (the opinion of a treating physician is entitled to great weight).

In response to employer's letter of December 28, 1994, Dr. Schaffer listed no restrictions on claimant's working capabilities. No medical evidence contradicted the opinions of Drs. Schaffer and Gibson.

An employer alleging a change in condition bears the burden of proving that the claimant is fully able to perform the duties of his pre-injury employment. See Reeves, at 438-39, 339 S.E.2d at 572. That burden is met by uncontradicted evidence which establishes that no restrictions have been placed on the claimant's ability to return to work. Mace v. Merchants Delivery Moving & Storage, 221 Va. 401, 403, 270 S.E.2d 717, 719 (1980) (with unequivocal medical evidence that the claimant was fully able to return to unrestricted work and the absence of any evidence to the contrary, the commission could only conclude that the claimant was able to return to work, regardless of the placement of the burden of proof). Thus, where uncontradicted

- 4 -

medical evidence does not suggest any physical limitation on a claimant, the employer need not also show that the physician was familiar with the physical requirements of the job and the type of physical limitations which would prohibit its performance. Id.

This conclusion does not impermissibly shift the burden of proof to a claimant. Only if a claimant desires to challenge the accuracy of the employer's evidence and allege that some physical limitation related to his injury prohibits performance of his pre-injury job does the claimant then bear the burden to present contrary evidence. If a claimant presents such evidence, the commission must then make a finding of fact, weighing the evidence produced and determining whether the employer met its burden to prove a change in condition. If a claimant fails to produce such evidence, the commission can only conclude that the claimant has been released to return to his pre-injury employment. Here, claimant introduced no evidence to contradict the unequivocal opinions of Drs. Schaffer and Gibson.

We hold that, because the evidence of the treating physicians discloses unequivocally that claimant has no limitation on his ability to work, and that evidence is not contradicted, the commission erred when it refused to enter an order granting the relief sought by employer. Accordingly, we reverse and remand this case with direction that an order be entered consistent with this opinion.

<u>Reversed and remanded.</u>