COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Benton and Coleman
Argued at Salem, Virginia


JERAL R. ROBBINS

                                    MEMORANDUM OPINION[*] BY
v.  Record No. 0354-97-3            JUDGE JAMES W. BENTON, JR.
                                      SEPTEMBER 30, 1997
PENN LINE, INC. and
 HOME INDEMNITY COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Paul L. Phipps (Lee & Phipps, P.C., on
              brief), for appellant.

              Monica L. Taylor (Thomas H. Miller; Gentry,
              Locke, Rakes & Moore, on brief), for
              appellees.


     Jeral R. Robbins contends that the Workers' Compensation

Commission erred in ruling that his change in condition

application was barred by <u>res judicata</u>.  Robbins also contends

that the commission erred in ruling that he had not proved a

change in condition related to his injury by accident.  For the

reasons that follow, we affirm the commission's denial of

compensation benefits.

     Robbins sustained an injury to his back on January 31, 1995

when he fell on ice at work.  At the evidentiary hearing on

Robbins' original claim for compensation, his employer, Penn

Line, Inc., stipulated that Robbins suffered an injury by

accident and defended on the ground that Robbins was not

incapacitated for work after March 1995.  The evidence proved

--------
[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that Robbins was treated in the hospital emergency room and then received treatment from Dr. Patrick Molony.  Dr. Molony referred Robbins to an orthopaedist and a neurosurgeon.

The orthopaedist diagnosed a mild sprain of the thoracic and lumbar spine.  After review of test reports, the orthopaedist released Robbins to return to light duty work in March.  Because of continuing complaints of pain, Robbins revisited the orthopaedist in late March and was informed that he could return to light duty work on April 3.  In May 1995, Dr. Molony opined that Robbins was unable to return to work because of back pain and noted that Robbins "needs neurosurgical evaluation."

Robbins was then tested and examined by several neurosurgeons.  In August 1995, Dr. Daniel Robertson reported "no indication for neurosurgical intervention," noted that Robbins had "reached maximum medical improvement," and transferred Robbins back to Dr. Molony.  Dr. Molony referred Robbins to another neurosurgeon, Dr. Ken Smith, who diagnosed lumbar spondylosis, low back pain and bilateral par defect.  Dr. Smith referred Robbins to Dr. John Marshall.

In December 1995, Dr. Marshall reviewed Robbins' medical records, examined Robbins on two occasions and ordered further testing.  He diagnosed Robbins as suffering sensory peripheral polyneuropathy.  Dr. Marshall reported that he was "not convinced that the current symptomatology represents continued sequela from a 1/31/95 fall" and that "[t]he peripheral polyneuropathy . . .

probably would not stem from the original fall."  Dr. Marshall also reported that testing would be required to "further define the extent of the [polyneuropathy] pathology."  Dr. Marshall noted that Robbins was not disabled from work as a result of his fall in January 1995 and stated that any restrictions from work resulted from causes unrelated to Robbins' fall.  He opined that "[t]he peripheral polyneuropathy . . . probably would not stem from the original fall as the extensive diagnosis involves pathological processes which occur independent of acute trauma."

Based on the evidence at the hearing, the deputy commissioner found that Robbins "was incapacitated for work as a consequence of this accident through December 15, 1995 when Dr. Marshall determined that [Robbins'] ongoing disability was not related to the January 31, 1995 accident."  Thus, the deputy commissioner awarded Robbins temporary total disability benefits from February 1, 1995 until December 15, 1995.  Robbins did not seek review of that ruling.

On May 2, 1996, Robbins filed an application for a change in condition and sought benefits beginning on March 21, 1996 and continuing thereafter.  At the evidentiary hearing on this application, Robbins testified that his pain had worsened since January of 1996 and was constant.  Robbins testified that the pain was in his back muscles, that he had received cortisone injections for spasms he was having in his back, and that he began using a walker because the use of his cane put too much

pressure on his back.  Robbins also testified that he was being treated for depression and anxiety caused by "the worrying and the pressure."

The evidence proved that Robbins had continued to be treated by Dr. Molony for his physical ailments and, in addition, had begun to visit Dr. B. Wayne Lanthorn, a psychologist.  Dr. Lanthorn saw Robbins on April 12, 1996 and diagnosed Robbins as having "Mood Disorder Due to Chronic Low Back Pain and Limitations, With Depressive Features."  Dr. Lanthorn wrote a letter on July 31, 1996 in which he opined that "Robbins' psychiatric difficulties are a direct result and followed an injury that occurred to him while working."  In August, Dr. Molony also reported that "Robbins has been unable to work since 1-31-95 due to an injury on the job at that time."

On August 6, 1996, Dr. Marshall reviewed Robbins' history, including the reports of Dr. Molony and Dr. Lanthorn, and examined Robbins again.  Dr. Marshall stated that he did "not have any new recommendations from [his] 12/6 and 12/15/95 report[s]" and reiterated his opinion that Robbins' symptoms were not all related to his work injury.

Based on this evidence, the deputy commissioner made the following findings:

> As Dr. Marshall's opinion as well as the opinion of Dr. Molony are essentially unchanged from their opinions previously expressed and considered in the February 6, 1996 opinion, we conclude that their opinions do not establish a change in condition causally related to the January 31, 1995

4

accident. It was found in the previous opinion that [Robbins'] disability after December 15, 1995 was unrelated to the January 31, 1995 accident. It was found that [Robbins'] ongoing disability was attributable to causes other than the January 31, 1995 accident. Since that opinion was not appealed, those findings are final and binding.

. . . However, we do not believe that . . . the previous . . . decision would necessarily preclude finding a change in condition based on psychological opinion; however, in this case, Dr. Lanthorn's opinion is of little probative value since he was not provided with the medical records nor was he aware of the previous finding that [Robbins'] disability after December 15, 1995 was caused by factors other than the January 31, 1995 accident . . . . [Robbins'] claim must be, and it hereby is, denied.

The full commission affirmed that decision.

"General principles of [workers'] compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove [the] allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (citation omitted). "Unless we can say as a matter of law that the evidence submitted by [Robbins] was sufficient to sustain his burden, then the Commission's finding . . . is binding and conclusive upon us." Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

When the deputy commissioner rendered a decision following the evidentiary hearing on Robbins' initial claim for

5

compensation for his injury by accident, the deputy commissioner resolved a conflict in the medical opinions. Dr. Molony reported that Robbins was disabled from employment and that his disability was continuing. However, Dr. Marshall reported that Robbins' disability from work as caused by his injury by accident of January 1995 had resolved as of December 15, 1995 and that Robbins' continuing disability was not related to the January 1995 work-related injury. The deputy commissioner accepted Dr. Marshall's report and did not accept Dr. Molony's report. An issue raised by conflicting medical opinions is a factual matter to be resolved by the commission. City of Norfolk v. Lillard, 15 Va. App. 424, 429-30, 424 S.E.2d 243, 246 (1992). Robbins did not appeal that factual finding, which was adverse to his claim that his disability was continuing.

In his application for a change in condition, which commenced the proceeding from which this appeal arises, Robbins bore the burden of proving both that he suffered a change in capacity to work and that the change was due to a condition causally related to his compensable injury. See AMP, Inc. v. Ruebush, 10 Va. App. 270, 273-74, 391 S.E.2d 879, 881 (1990). However, Dr. Molony's reports fail to account for the deputy commissioner's unappealed factual finding that Robbins "was incapacitated for work as a consequence of [the January 1995 work-related] accident through December 15, 1995 when Dr. Marshall determined that [Robbins'] ongoing disability was not

6

related to the January 31, 1995 accident."  Dr. Molony reported in August 1996, that "Robbins has been unable to work since 1-31-95 due to an injury on the job at that time."  To the extent that Robbins sought to use that report to contradict the deputy commissioner's previous ruling that the disability that Robbins suffered at December 15, 1995 was unrelated to his work, the commission correctly ruled that the deputy commissioner's ruling was res judicata.  See K & L Trucking Co. v. Thurber, 1 Va. App. 213, 218-20, 337 S.E.2d 299, 302-03 (1985).

Furthermore, the evidence proved that on August 8, 1996 Dr. Marshall reviewed the reports of Dr. Molony's examination of Robbins after January 1996, and the reports of Dr. Lanthorn's treatment of Robbins after January 1996.  In addition, Dr. Marshall examined Robbins.  Based upon his review of the medical reports and his examination of Robbins, Dr. Marshall reported that Robbins' low back pain had resolved prior to his December 15, 1995 report, that Robbins' spondylolysis was not connected to his work-related injury, that the etiology of Robbins' sensory peripheral polyneuropathy was undetermined, and that he had nothing further to add to his earlier report.  The commission again accepted Dr. Marshall's report and rejected Dr. Molony's report concerning Robbins' injury.

In addition, the deputy commissioner found from the evidence that Dr. Lanthorn had not reviewed Robbins' medical records and was unaware that the commission had ruled that Robbins'

7

disability at December 15 was unrelated to his work injury. On review, the commission also found that Dr. Lanthorn's reports noted that Robbins had nerve problems prior to his work-related injury. Dr. Lanthorn's reports simply failed to make a causal connection between Robbins' work-related injury and his current psychological condition.

For these reasons, we hold that the evidence did not prove, as a matter of law, that Robbins bore his burden of proving a change in condition. Accordingly, we affirm the decision.

<u>Affirmed</u>.