COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


SUGGS CARPET INSTALLATION AND
 HARTFORD CASUALTY INSURANCE COMPANY

                                    MEMORANDUM OPINION*
v.    Record No. 3472-01-2              PER CURIAM
                                        MAY 7, 2002
JOSEPH WAYNE SUGGS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (S. Vernon Priddy III; P. Dawn Bishop; Sands
              Anderson Marks & Miller, on brief), for
              appellants.

              (Gerald G. Lutkenhaus; The Law Office of
              Gerald G. Lutkenhaus, on brief), for
              appellee.


     Suggs Carpet Installation and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in finding that Joseph Wayne Suggs (claimant)

proved (1) he sustained a change-in-condition causally related

to his compensable January 5, 1995 injury by accident; (2)

medical treatment rendered to him after October 1, 1996 was

causally related to his compensable injury by accident; and (3)

Dr. Michael Decker's narcotics therapy constituted reasonable

and necessary medical treatment.  Upon reviewing the record and

the parties' briefs, we conclude that this appeal is without

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

## I.  Change-in-Condition

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "General principles of workman's compensation law provide that 'in an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).

Code § 65.2-101 defines a change-in-condition as "a change in physical condition of the employee as well as any change in the conditions under which compensation was awarded, suspended, or terminated which would affect the right to, amount of, or duration of compensation."  In AMP, Inc. v. Ruebush, 10 Va. App. 270, 391 S.E.2d 879 (1990), we recognized that "[t]he Supreme Court held in Mace [v. Merchants Delivery Moving Storage, 221 Va. 401, 270 S.E.2d 717 (1980),] that 'a change in an attending physician's opinion concerning an employee's ability to resume work meets the criteria detailed in Code § 65.1-8 [now Code 65.2-101].'  It is clear that a 'change in "condition" includes

- 2 -

the "capacity to work."'"  AMP, Inc., 10 Va. App. at 273, 391

S.E.2d at 880-81 (citations omitted).

In granting claimant's application, the commission found as

follows:

> The primary issue is whether the claimant has shown that his condition has deteriorated since 1997.  We find that it has.  Dr. [Steven M.] Fiore, an orthopedist who first saw the claimant in July 1997, testified that the claimant has been totally disabled since that time.  Dr. Decker, a pain management specialist who began treating the claimant in April 1998, stated that the claimant has been totally disabled.  Dr. Decker made the point that he was able to observe the claimant nine hours a day in his pain clinic, and it was clear to him that the claimant could not work.  In addition to extensive personal observation of the claimant, both Drs. Fiore and Decker point to objective evidence of discogenic pain based on the discogram.  Another objective indicator of the claimant's worsening condition is the fact that Dr. Decker directed him to use crutches, whereas previously he had used a cane.  Dr. [Sidney H.] Schnoll supports the opinions of Drs. Fiore and Decker, arguing that an orthopedic surgeon such as Dr. [Robert S.] Adelaar is not qualified to direct or assess treatment of chronic pain syndrome.  Dr. Schnoll explained the claimant's "drug-seeking" behavior as a result of his undermedication by his original treating physicians.
>
> We find the opinions of these physicians more persuasive than those of Drs. Adelaar, [Walter S.] Davis, [Howard G.] Stern and [Douglas A.] Wayne for several reasons.  First, Drs. Fiore and Decker are more familiar with the patient than are the other doctors.  Second, we note that the claimant was able to successfully run his own business and engage in heavy physical

labor, and to maintain a stable family life, until the age of 39, when the motor vehicle accident occurred. The claimant was not addicted to narcotics prior to the accident. As Dr. Schnoll pointed out, even if the claimant were considered a narcotics addict rather than a "pseudoaddict" as Dr. Schnoll believes, this condition impairs his ability to work and is related to the accident. Dr. Adelaar concedes that the claimant is in pain, and his condition is complicated by his narcotic regime.

We do not agree with the deputy commissioner's reasoning that the fact that the claimant believes that he has always been totally disabled since the accident refutes his argument for a change in condition, which is supported by the medical evidence.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). The medical records and opinions of Drs. Fiore, Decker, and Schnoll provide ample credible evidence to support the commission's finding that claimant proved he sustained a change-in-condition causally related to his compensable injury by accident, entitling him to an award of temporary total disability benefits beginning March 22, 1997. Their medical records and opinions established that claimant's disability status changed and his condition worsened since 1997.[1] As fact

---

[1] We note that claimant's and his wife's opinions that he had been totally disabled since the accident, did not bar his claim under Massie v. Firmstone, 134 Va. 450, 114 S.E. 652 (1922). "The Massie doctrine applies only to a party litigant's statements of fact that are within the litigant's own knowledge,

- 4 -

finder, the commission was entitled to accept the opinions of these physicians and to reject the contrary opinions of Drs. Adelaar, Davis, Stern, and Wayne. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Moreover, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Because credible evidence supports the commission's findings, we will not disturb them on appeal.

## II. Medical Treatment

On appeal, employer argues that the commission erred in holding it responsible for claimant's post-October 1, 1996 medical treatment on the ground that Dr. Kennedy S. Daniels opined on October 1, 1996 that claimant's disability and medical treatment resulted from his degenerative disc disease and not from any identifiable trauma. Employer contends Dr. Daniels' opinion collaterally estopped the commission from finding that claimant's medical treatment after October 1, 1996 was causally related to his compensable injury by accident.

_____

and not to statements of opinion." Braden v. Isabell K. Horseley Real Estate, Ltd., 245 Va. 11, 16, 425 S.E.2d 481, 484 (1993). In addition, claimant and his wife testified that his condition changed and worsened over time.

- 5 -

First, although employer argued to the commission that Dr. Daniels' opinion supported a finding that the cost of claimant's various medical treatments after October 1996 was not causally related to his compensable injury by accident, employer did not argue collateral estoppel before the commission. Accordingly, we will not consider that specific argument on appeal. See Rule 5A:18.

Secondly, the commission, as fact finder, was entitled to weigh the medical evidence, to reject Dr. Daniels' opinion, and to accept the opinions of claimant's current treating physicians, Drs. Fiore and Decker, that his continuing disability and medical care were causally related to his compensable injury by accident.[2]  Their opinions provide credible evidence to support the commission's finding, which is binding and conclusive upon us on appeal.

### III.  Dr. Decker's Medical Treatment

In rejecting employer's argument that Dr. Decker's treatment of claimant's pain syndrome was not reasonable or necessary, the commission found as follows:

> Both Dr. Decker and Dr. Schnoll believe that
> appropriate use of narcotics has been

---

[2] We also note that in his October 21, 1996 deposition, Dr. Daniels opined that claimant's current condition was caused by a combination of his degenerative disc disease and his motor vehicle accidents.  Moreover, in its May 2, 1997 opinion, the issue before the commission was whether claimant had proven he was totally disabled after March 28, 1996.  The extent of claimant's disability, not causation, was the issue determined by the commission.

necessary.  Dr. Davis stated that a trial of narcotics was appropriate but since [claimant's] condition did not improve it should be discontinued.  Clearly, several of the doctors who previously treated the claimant were alarmed by the fact that the claimant was seeking narcotic pain medication, but they were not pain management specialists.  We are reluctant to substitute our opinion for the opinion of the treating physicians.

The medical records and opinions of Drs. Decker and Schnoll, a pain management specialist and pharmacologist, respectively, provide credible evidence to support the commission's findings.  Therefore, those findings are binding and conclusive upon us on appeal.  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner, 12 Va. App. at 894, 407 S.E.2d at 35.

For these reasons, we affirm the commission's decision.

Affirmed.