COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Alston and Senior Judge Coleman
Argued at Richmond, Virginia


THE SALVATION ARMY AND
  ZURICH AMERICAN INSURANCE COMPANY

                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 2299-11-2                        JUDGE ROSSIE D. ALSTON, JR.
                                                      MAY 8, 2012

REGINALD LYON


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Rachel A. Riordan (Claire C. Carr; Kalbaugh Pfund &
              Messersmith, on brief), for appellants.

              Zenobia J. Peoples for appellee.


        The Salvation Army (employer) appeals the Workers' Compensation Commission's

award of temporary total disability benefits from August 1, 2010 through October 18, 2010, to

Reginald Lyon (claimant).  On appeal, employer alleges that (1) the commission erred in finding

that claimant's period of disability from August 1 to October 18, 2010, was causally related to

the industrial accident and (2) the commission erred in finding that claimant's right knee surgery

was causally related to the industrial accident.  Finding no error, we affirm.

                                   BACKGROUND[1]

        On appeal from the Workers' Compensation Commission, "we view the evidence in the

light most favorable to the party prevailing below," in this case, claimant.  Tomes v. James City

Fire, 39 Va. App. 424, 429, 573 S.E.2d 312, 315 (2002).

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] As the parties are fully conversant with the record in this case and because this
memorandum opinion carries no precedential value, this opinion recites only those facts and
incidents of the proceedings as are necessary to the parties' understanding of the disposition of
this appeal.

So viewed, the evidence showed that on April 20, 2010, claimant's cane slipped on wet paper towels as claimant was exiting a restroom at work, causing him to lose his balance, fall backward, and injure his right side. Claimant notified employer and sought treatment at the emergency room for low back and right knee pain.

Prior to his April 20, 2010 work accident, claimant had a history of low back pain dating from 2001. Most significant to the instant case, claimant also injured his right knee in May 2007, and medical records show that claimant received an injection in his right knee in 2008 because of swelling. In March 2008, Dr. Robert B. Perry assessed claimant's condition as "right knee arthritis" and "[p]ossible lateral meniscus tear."[2] Dr. Perry also noted that he gave claimant "an injection of 1 cc. Depo-Medrol and 4 cc. Lidocaine," although he did not note where on claimant's body these injections were given. Claimant also later suffered injuries in two car accidents, requiring him to use a cane.

Following his April 20, 2010 work accident, claimant sought treatment with Dr. Shannon Wolfe of Tuckahoe Orthopaedic Associates. Claimant saw Dr. Wolfe on June 14, 2010. Dr. Wolfe's note from this visit stated that claimant "has never had any injection or any right knee injuries before." The note also indicated that claimant informed Dr. Wolfe of his chronic back problems. Dr. Wolfe's note stated that he diagnosed claimant's condition as "LATERAL MENISCUS RIGHT KNEE" and ordered an MRI of the right knee.

Claimant underwent an MRI as recommended by Dr. Wolfe. The MRI report noted a "[h]orizontal tear of body of lateral meniscus with meniscal cyst." Claimant returned to Dr. Wolfe in July 2010, complaining of continued pain in his knee. Dr. Wolfe reviewed the MRI and recommended surgery to claimant. Claimant underwent an arthroscopic partial lateral meniscectomy on August 13, 2010.

---

[2] Claimant was never actually diagnosed with a meniscus tear before his April 20, 2010 work accident

Following claimant's surgery, Dr. Wolfe completed a work status update on September 2, 2010, stating that claimant could not return to work until after a follow-up appointment on September 20, 2010, and stating, "[P]lease excuse from 8/13/10 until seen again."

Claimant went to a follow-up appointment with Dr. Wolfe on September 20, 2010. At this appointment, claimant complained that his right knee continued to be "problematic and painful" and also complained of pain in his left knee. Dr. Wolfe gave claimant a cortisone injection and ordered an MRI of his left knee. He advised claimant not to return to work until October 18, 2010, after he could be seen for a follow-up appointment. Dr. Wolfe completed a work status update on September 22, 2010, confirming this recommendation.

On September 21, 2010, claimant underwent an independent medical examination with Dr. Baljit S. Sidhu of the Hopewell Orthopaedic Center. Dr. Sidhu's report noted that he had completed an extensive review of claimant's medical history, including information about his chronic back pain and "right knee pain in 2007." Dr. Sidhu's report also noted that he was aware of claimant's two earlier car accidents and his resulting use of a cane. Dr. Sidhu opined that claimant's right knee arthroscopic partial lateral knee meniscectomy on August 13, 2010, was causally related to claimant's work injury. Dr. Sidhu opined that claimant was "capable of doing a sedentary type of job," but was still recovering from surgery and was "not ready to go back to his full duty at this time."

On October 18, 2010, Dr. Wolfe sent claimant's attorney a letter stating that claimant continued to experience pain in his right knee and had also developed problems with his left knee. At some point, Dr. Wolfe also completed an Attending Physician's Report noting that claimant's right knee partial lateral meniscus tear was due to claimant's work accident on April 20, 2010, when he "slipped and fell on wet paper towels."

Claimant filed a claim for benefits for his right knee injury with the commission on May 17, 2010. The deputy commissioner held a hearing on the claim on December 15, 2010. At the hearing, claimant denied having injured his right knee before April 20, 2010, or stated that he could not recall any such injury. Claimant denied receiving injections to his right knee before April 20, 2010, and acknowledged that he did not inform Dr. Wolfe that he had previously received injections to his right knee. The deputy commissioner denied claimant benefits for the period beginning August 1, 2010, finding that the medical evidence did not establish a causal relationship to claimant's April 20, 2010 work accident, "particularly given his longstanding troubles with his back and knee."

Claimant appealed to the commission, which reversed the deputy commissioner's decision regarding claimant's application for temporary total disability benefits beginning August 1, 2010. The commission found that Dr. Wolfe's Attending Physician's Report indicated that claimant's disability was caused by "the slip and fall on wet paper towels." The commission also found that Dr. Wolfe's medical reports attributed claimant's right knee lateral meniscus tear to the April 20, 2010 work accident and that Dr. Sidhu also opined that claimant's surgery was causally related to the work accident. The commission concluded by finding that it "[did] not believe that [claimant] had longstanding problems with his right knee" and that "any injury [to his right knee] had resolved by the time of the work accident."

Employer appealed the commission's determination to this Court.

ANALYSIS

On appeal, employer alleges that the commission erred in finding that claimant was disabled from August 1, 2010 to October 18, 2010, and that this period of disability and claimant's right knee surgery were causally related to his work accident.

"[A] party seeking [workers'] compensation bears the burden of proving his disability and the periods of that disability." Marshall Erdman & Assocs. v. Loehr, 24 Va. App. 670, 679, 485 S.E.2d 145, 149-50 (1997). Whether a claimant suffers a "continuing disability" is a question of fact. Hoffman v. Carter, 50 Va. App. 199, 216, 648 S.E.2d 318, 327 (2007) (citing Loehr, 24 Va. App. at 679, 485 S.E.2d at 149). The commission's determination regarding causation is also a finding of fact. Tex Tech Indus., Inc. v. Ellis, 44 Va. App. 497, 504, 605 S.E.2d 759, 762 (2004). Findings of fact by the commission "will be upheld on appeal if supported by credible evidence." James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On appeal, employer argues no credible evidence supports the commission's finding that claimant was disabled and incapable of performing any type of work from August 1, 2010 to October 18, 2010. Employer also argues that no credible evidence supports the commission's finding that claimant's period of disability and right knee surgery were caused by his work accident.

Credible evidence supports the commission's determination that claimant was incapable of performing any type of work from August 1, 2010 to October 18, 2010. Dr. Wolfe completed two work status updates requesting that claimant be excused from all work from August 13, 2010, when he underwent surgery, to October 18, 2010. Moreover, medical evidence in the record shows that claimant was in pain and suffering from a lateral meniscus tear from the date of his work accident on April 20, 2010.

Although Dr. Sidhu opined on September 21, 2010 that claimant was capable of doing a "sedentary type job," he also noted that claimant was still recovering from surgery and was unable to return to full duty work. For our purposes on appellate review, "[i]f there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings,

- 5 -

they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986). The commission credited the opinion of Dr. Wolfe that claimant was entirely unable to return to work and relied on the evidence in claimant's medical records that claimant was in pain and suffering from a lateral meniscus tear. This evidence supports the commission's finding that claimant was incapable of working from August 1, 2010 to October 18, 2010.

Credible evidence also supports the commission's determination that claimant's period of disability and knee surgery were causally related to his April 20, 2010 work accident. "Causation is an essential element which must be proven by a claimant in order to receive an award of compensation for an injury by accident . . . ." AMP, Inc. v. Ruebush, 10 Va. App. 270, 274, 391 S.E.2d 879, 881 (1990). "Causation is usually proven by medical evidence." Clinch Valley Med. Ctr. v. Hayes, 34 Va. App. 183, 192, 538 S.E.2d 369, 373 (2000).

Employer argues that because claimant had a history of back problems and a previous injury to his right knee, the commission erred in finding that claimant's right knee injury was caused by his April 20, 2010 work accident. However, Dr. Wolfe opined that claimant's right knee injury was caused by his April 20, 2010 work accident in his Attending Physician's Report. Similarly, Dr. Sidhu opined that claimant's right knee arthroscopic partial lateral knee meniscectomy was causally related to claimant's work injury.

To support its analysis, employer alleges that the commission erred in relying upon Dr. Wolfe's opinion because Dr. Wolfe did not know claimant's complete medical history, including information about his prior right knee injury and a previous injection to his right knee. See Clinchfield Coal Co. v. Bowman, 229 Va. 249, 329 S.E.2d 15 (1985) (holding that the commission erred in finding that the industrial accident caused the claimant's injury when, after

reviewing the claimant's medical records, the claimant's doctor changed his opinion and stated that a prior, unrelated accident caused the injury); <u>Howell Metal Co. v. Adams</u>, 35 Va. App. 184, 543 S.E.2d 629 (2001) (holding that the commission erred in finding that the industrial accident caused the claimant's need for psychiatric treatment when both of his doctors stated they needed additional medical history before they could opine on the cause of the claimant's psychological problems); <u>Sneed v. Morengo, Inc.</u>, 19 Va. App. 199, 450 S.E.2d 167 (1994) (holding that the commission did not err in discounting the opinion of the claimant's doctors regarding causation when the doctors did not know the claimant's complete medical history); <u>but see</u> <u>Amelia Sand Co. v. Ellyson</u>, 43 Va. App. 406, 410, 598 S.E.2d 750, 752 (2004) (holding that the commission did not err in finding that the claimant's depression was caused by his earlier compensable injury when the claimant's doctors never revised their opinions on causation and stating that "<u>Clinchfield Coal</u> does not stand for the proposition that doctors must have the entire medical history of an individual before they can state a valid opinion about the cause of a condition").

Even assuming *arguendo* the commission's reliance upon Dr. Wolfe's opinion was somehow in error, Dr. Sidhu's opinion, based on claimant's complete medical history, also supports the commission's finding regarding causation. To be sure, credible evidence in this record supports the commission's finding that claimant's period of disability as a result of his right knee injury and his right knee surgery were causally related to his April 20, 2010 work accident.

## CONCLUSION

For the foregoing reasons, we affirm the determination of the commission that claimant was disabled from August 1, 2010 to October 18, 2010, and that this period of disability and claimant's right knee surgery were causally related to his April 20, 2010 work accident.

<u>Affirmed.</u>