COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, Russell and Athey
Argued at Fredericksburg, Virginia

ABEL ASGEDOM

v.      Record No. 1198-19-4

AIRPORT TERMINAL SERVICES, INC. AND
 SENTRY CASUALTY CO.

MEMORANDUM OPINION* BY
JUDGE CLIFFORD L. ATHEY, JR.
FEBRUARY 25, 2020

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Matthew J. Peffer (Michael Herdman; ChasenBoscolo Injury
Lawyers, on brief), for appellant.

Jesse F. Narron (K. Elizabeth O'Dea; Penn, Stuart & Eskridge, on
brief), for appellees.

Abel Asgedom ("claimant") appeals a denial of benefits by the Workers' Compensation

Commission ("Commission"). Claimant contends that (1) the Commission erred by reversing

the deputy commissioner's determination to reinstate temporary total disability benefits; and

(2) the Commission erred by denying additional diagnostic tests. We find claimant's arguments

unpersuasive and affirm the Commission's denial of benefits.

I. FACTUAL BACKGROUND

On October 25, 2016, claimant suffered a ruptured left Achilles tendon after being struck

by a baggage cart while working for Airport Terminal Services, Inc. ("ATS"). On December 9,

2016, the Commission entered an award order providing claimant lifetime benefits for a left

Achilles tendon rupture, in addition to weekly temporary total disability benefits beginning

October 26, 2016, and continuing.

―――――――――――――

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

Claimant began treatment for his injury with Dr. Thomas Sanders in January 2017. In April, Dr. Sanders referred claimant to Dr. Deeni Bassam, a pain management specialist who began treating claimant in May 2017.

Pursuant to a stipulated order dated May 7, 2018, claimant was offered a new panel of pain management physicians. From this panel, claimant chose Dr. Virgil Balint who first met with claimant on August 8, 2018. Dr. Balint subsequently determined that claimant could return to his regular duties immediately.

ATS filed an employer's application for hearing seeking termination of claimant's open temporary total disability award based on Dr. Balint's August 8, 2018 report that released claimant to return to his regular work duties. Claimant also filed a request for hearing on September 20, 2018, seeking a lifetime medical award for his right hip and lower back pain as a compensable consequence of the injury. In support of this request, claimant sought authorization for an EMG and MRI of his lumbar spine. Claimant subsequently withdrew his compensable consequence request.

Following a hearing, the deputy commissioner held that claimant failed to establish a causal relationship between the October 25, 2016 injury and his request for further testing of his lumbar spine. However, the deputy commissioner ruled that ATS failed to sustain its burden of proof on the issue of claimant's release to return to pre-injury duties.

Both ATS and claimant appealed to the Commission. Following a careful review of the evidence, the Commission, by 2-1 vote, held that "the record as a whole established a return to pre-injury employment." Additionally, the Commission unanimously found that "no convincing causal connection exists between the requested diagnostic studies and the compensable injury." Claimant appeals the Commission's decision.

## II. STANDARD OF REVIEW

On appeal from a decision of the Commission, the evidence and all reasonable inferences that may be drawn from that evidence are viewed in the light most favorable to the party prevailing below. Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72 (2003). We "do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses." Caskey v. Dan River Mills, Inc., 225 Va. 405, 411 (1983). "If there is evidence or reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed by this Court on appeal, even though there is evidence in the record to support contrary findings of fact." Id. "This appellate deference is not a mere legal custom, subject to a flexible application, but a statutory command." Cent. Va. Obstetrics & Gynecology Assocs. v. Whitfield, 42 Va. App. 796, 803 (2004).

## III. ANALYSIS

### A. Temporary Disability Benefits Termination

An employer alleging a change in condition bears the burden of proving that the claimant is fully able to perform the duties of his pre-injury employment. See Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39 (1986). The standard for terminating disability benefits based on a change of condition can be met by either of two methods: (1) a claimant's physician's medical opinion given after having reviewed the claimant's job duties, see Celanese Fibers Co. v. Johnson, 229 Va. 117, 120 (1985), or (2) "uncontroverted evidence which establishes that no restrictions have been placed on claimant's ability to return to work," Fingles Co. v. Tatterson, 22 Va. App. 638, 642 (1996). "Only if a claimant desires to challenge the accuracy of the employer's evidence and allege that some physical limitation related to his injury prohibits performance of his pre-injury job does the claimant then bear the burden to present contrary evidence." Id. "If a claimant presents such evidence, the [C]ommission must then make a

finding of fact, weighing the evidence produced and determining whether the employer met its burden to prove a change in condition." Id. "If a claimant fails to produce such evidence, the [C]ommission can only conclude that the claimant has been released to his pre-injury employment." Id. "Thus, where uncontradicted medical evidence does not suggest any physical limitation on a claimant, the employer need not also show that the physician was familiar with the physical requirements of the job and the type of physical limitations which would prohibit its performance." Id. (citing Mace v. Merchants Delivery Moving & Storage, 221 Va. 401, 403 (1980)).

In its role as fact finder, the Commission weighed the medical evidence and articulated its finding that claimant was released to his regular employment duties, thus terminating his temporary disability. The Commission explained in its opinion that each of the treating physicians that saw claimant released him on different dates to regular employment duties, the most recent of which being Dr. Balint. The Commission found that Dr. Balint "released the claimant to his regular duties immediately" on August 8, 2018.

The medical record supports the Commission's factual findings. Dr. Bassam reviewed claimant's prior diagnostic studies on June 7, 2017, and concluded that claimant exhibited subjective pain complaints and returned him to work without restrictions with respect to his occupational injury. Dr. Sanders subsequently reviewed claimant's pre-injury job description and opined that claimant could return to work as of September 9, 2017. Upon re-evaluation in June 2018, Dr. Sanders referred claimant to Dr. Balint as a pain management specialist. In this referral, Dr. Sanders restricted claimant to not being able to work until further evaluation by Dr. Balint.

However, in Dr. Balint's August 8, 2018 report, claimant was released to "perform in his regular duties immediately." Dr. Balint specifically addressed all of claimant's complaints

individually in the report. The report found that claimant's left ankle and foot complaints were such that he could return to his pre-injury duties. Next, Dr. Balint found that claimant's left calf atrophy was likely due to an unrelated Achilles tendon injury that required a previous surgery, or a herniated disk. Finally, Dr. Balint found that claimant's lower back pain could not be related to the compensable injury or a consequence of that injury.

Claimant contends that Dr. Balint's opinion fails to support the Commission's findings because Dr. Balint was not fully informed about claimant's job duties. As we have previously ruled, an employer is not required to show that a physician is familiar with the physical requirements of a claimant's job or the type of physical limitations that would prohibit its performance when the claimant is released to work without restrictions. See Fingles Co., 22 Va. App. at 642 (citing Mace, 221 Va. at 401); see also Sloas v. Babcock & Wilson Constr. Co., No. 0596-95-3 (Va. Ct. App. July 23, 1996) (stating that the treating physician necessarily released the claimant to perform any task, including his pre-injury employment, because the treating physician released the claimant to work without restriction).[1]

Under these circumstances, credible evidence supports the Commission's finding that claimant could return to his pre-injury employment, and the termination of his temporary benefits was not error.

### B. Diagnostic Studies

A claimant must prove that the medical treatment he seeks is causally related to the accident, the treatment is reasonable and necessary for treatment of his compensable condition, and the medical service was rendered by, or on referral by, an authorized treating physician. See Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199 (1985). The Commission's

---

[1] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." Otey v. Commonwealth, 61 Va. App. 346, 351 (2012) (citing Rule 5A:1(f)).

determination of causation is a finding of fact. <u>Lee County School Bd. v. Miller</u>, 38 Va. App. 253, 260 (2002). The factual determination regarding causation is usually proven by medical evidence. <u>Clinch Valley Med. Ctr. v. Hayes</u>, 34 Va. App. 183, 192 (2000).

The Court has employed a three-part test to determine when an employer may be held responsible for the cost of a diagnostic procedure. First, the claimant must show that the procedure is reasonable and necessary, second, the approved treating physician has authorized the procedure, and finally, the medical records indicate a possible causal connection between the condition and a compensable injury. <u>See</u> <u>Herbert Clements & Sons v. Harris</u>, 52 Va. App. 447, 457-58 (2008).

It is undisputed that Dr. Balint is an authorized treating physician and has recommended the diagnostic procedures, thereby meeting the first and second prongs of the <u>Clements</u> test. However, as the Commission noted in its opinion, "claimant has an award for a compensable injury to his left Achilles tendon. He does not have an award for a back condition." Dr. Balint requested the lumbar MRI scan and EMG study with respect to the lower back complaints. Dr. Balint specifically denied causation between the back condition and the compensable injury in his August 8, 2018 report. Further, a previous MRI conducted by Dr. Bassam and authorized by ATS on May 23, 2017, failed to show any causal connection between claimant's lower back and hip complaints and the compensable left Achilles injury.

Claimant did not meet the third prong of the <u>Clements</u> test; therefore, we cannot disturb the finding of fact by the Commission that the requested diagnostic studies are not causally connected to the compensable injury.

IV. CONCLUSION

For the foregoing reasons, we affirm the decision of the Commission.

Affirmed.