COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


WESTMORELAND COAL COMPANY AND
 A I U INSURANCE COMPANY
                                              OPINION BY
v.   Record No. 0084-99-4        JUDGE JAMES W. BENTON, JR.
                                           NOVEMBER 9, 1999
WILLIAM RUSSELL


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Monica L. Taylor (E. Scott Austin; Gentry,
            Locke, Rakes & Moore, on briefs), for
            appellants.

            Daniel Sachs for appellee.


     The sole question presented in this appeal is whether the

commission erred in ruling that Westmoreland Coal Company failed

to meet its burden of proving that William Russell experienced a

change in condition that rendered his continuing disability

causally unrelated to his injury by accident.  We affirm the

commission's award.

                              I.

     The record established that William Russell was employed by

Westmoreland Coal Company as a laborer in a coal mine from 1969

until 1995.  Westmoreland Coal terminated Russell in 1995 for

economic reasons and recalled Russell to work in February 1997 to

assist in extracting equipment and sealing a mine.  On March 25,

1997, in preparation for sealing the mine, Russell and another

worker attempted to move a two-ton mining car that moved off a

track.  They used a "jack" to lift the mining car and then tethered the car to a bolt in the roof.  As Russell was "ratch[ett]ing [and] pulling the car up," the roof bolt dislodged causing the mining car to fall.  The unexpected movement caused Russell to fall onto his hands and knees injuring his back. Russell's supervisor drove him to the hospital where Russell received treatment for pain in his lower back.

After Russell filed a claim for benefits, Westmoreland Coal stipulated to an award in his favor for temporary total disability beginning March 26, 1997, and continuing through February 12, 1998.  Westmoreland Coal also filed an application for change in condition alleging that Russell's disability after February 12, 1998 was unrelated to the March 25, 1997 injury by accident. Following an evidentiary hearing and a review of the evidence, the deputy commissioner ruled that Russell's "claim for continuing benefits since February 13, 1998 must be, and . . . is, denied." On its review, the commission "conclude[d] that [Westmoreland Coal] has failed to [meet its burden to] prove that [Russell's] disability after February 12, 1998, is not causally related to the compensable work accident."

## II.

"Causation is an essential element which must be proven by [an employee] in order to receive an award of compensation for an injury by accident under the Virginia Workers' Compensation Act." AMP, Inc. v. Ruebush, 10 Va. App. 270, 274, 391 S.E.2d 879, 881

-

(1991).  After an award adjudicating causation becomes final, "absent [a claim of] fraud or mistake, the doctrine of res judicata bars further litigation of [the issue of causation]." Id.  Thus, "[w]here, as here, causal connection between an industrial accident and disability has been established by the entry of an award, an employer has a right to apply for termination of benefits upon an allegation that the effects of the injury have fully dissipated and the disability is the result of another cause."  Celanese Fibers Co. v. Johnson, 229 Va. 117, 120, 326 S.E.2d 687, 690 (1985).  The employer bears the burden of proving by a preponderance of the evidence the allegations contained in its application for a change in condition.  See Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986).  Thus, unless we can say as a matter of law that Westmoreland Coal's evidence sustained its burden of proof, the commission's findings are binding and conclusive on appeal from its ruling.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

    In accordance with our well established standard of review, we view the evidence in the light most favorable to Russell, who prevailed before the commission.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  The commission's factual findings are conclusive and binding on this Court when those findings are based on credible evidence.  See Code § 65.2-706.  "In determining whether credible evidence

-

exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Moreover, "questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Following its review of the extensive medical evidence, the commission found as follows:

> Based upon the evidence presented, we find that Russell suffered from degenerated spine disease in his neck and back which pre-dated the work accident. We also find that he had been treated for symptoms related to his low back prior to the date of that accident. It is also obvious that most of the physicians who examined Russell were not initially aware of the pre-existing low back symptoms.
>
> The medical evidence establishes that most, if not all, of the objective findings related to [Russell's] spine relate to a chronic, as opposed to acute, degenerative process. Even so, no doctor has opined that the work accident did not aggravate or accelerate that pre-existing condition. Similarly, no doctor has opined that the effects of the work accident have completely dissipated, and that [Russell's] current condition is related solely to the natural progression of his degenerative spine disease, or to some other non-work related cause.
>
> Dr. Breeding, for example, stated that "[i]t would appear that most of his [cervical spine] symptoms are due to the chronic changes and not to an acute injury. . . [.]" (Emphasis added). Dr.

-

Breeding, therefore, does not rule out a component of [Russell's] disability being related to the aggravation of this condition by the work accident.

Dr. Heiman, being aware that [Russell's] arthritic involvement of his neck and back pre-dated the work accident, still opined:

I feel Mr. Russell was injured in this accident. . . .  He may also have suffered some foraminal encroachment damage to a nerve in his neck, related to his spinal stenosis and arthritis as a result of his accident causing some of his significant left arm symptoms.

Those statements certainly do not support [Westmoreland Coal's] position that [Russell's] condition is unrelated to the work accident. . . .

Dr. Burt, in his March 27, 1998, letter, confirmed that the degenerative changes in the claimant's spine were chronic and unrelated to the work accident.  Dr. Burt did not, however, address the question whether the work accident aggravated that condition, or whether the claimant had fully recovered from the effects of the work accident.

The reports in the record from Dr. Breeding and Dr. Heiman support the commission's findings.

Westmoreland Coal relies in large measure upon the testimony and reports of Dr. J. Travis Burt, a neurosurgeon. The commission made the following findings, however, regarding Dr. Burt's reports and testimony:

Dr. Burt . . . confirmed that the degenerative changes in [Russell's] spine were chronic and unrelated to the work accident.  Dr. Burt did not, however,

-

address the question whether the work accident aggravated that condition, or whether [Russell] had fully recovered from the effects of the work accident.

The commission's findings are significant. Dr. Burt's testimony was not addressed to the issue of change in Russell's condition. Rather, his testimony was to the effect that Russell's back condition was chronic and pre-existed the March injury by accident. That evidence tended only to prove "a change in . . . opinion on the issue of causation." Ruebush, 10 Va. App. at 275, 391 S.E.2d at 882. Having stipulated to entry of an award for disability resulting from Russell's injury by accident to his back occurring on March 25, 1997, Westmoreland Coal may not now argue that the same disability was solely the result of a chronic condition that pre-existed the stipulated disability. Causation, once established, is "barred from relitigation on grounds of res judicata." Id.

The record supports the commission's findings that no medical evidence proved that the effects of Russell's work-related injury by accident have completely dissipated and that Russell's current disability is caused solely by the natural progression of this degenerative spine disease or other non-work related cause. Accordingly, we affirm the commission's award.

Affirmed.

-