COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Frank
Argued at Richmond, Virginia


DAN RIVER, INC.
                                    MEMORANDUM OPINION* BY
v.    Record No. 3020-99-2      JUDGE RUDOLPH BUMGARDNER, III
                                         JUNE 20, 2000
SAMMY TERRY


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                Martha White Medley (Daniel, Vaughan,
                Medley & Smitherman, P.C., on brief), for
                appellant.

                J. Gregory Webb (Michie, Hamlett, Lowry,
                Rasmussen & Tweel, P.C., on brief), for
                appellee.


     Dan River, Inc. appeals an award of benefits to Sammy Terry

by the Workers' Compensation Commission.  The employer argues

the commission erred in finding the employee established a

causal connection between the accident and injury, and in

finding he sustained his burden of proving a compensable injury

by accident.  The employer argues that it is just as likely that

the employee's disabling condition was caused by his poorly

controlled diabetes as by his work-related injury.  Finding no

error, we affirm.

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On appeal, we view the evidence, and all reasonable inferences deducible therefrom, in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). The factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court. See Code § 65.2-706; Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991).

The employee was a diabetic dependent on insulin for twenty years. While working for the employer, he tripped on a 3 by 1/2 inch bolt that protruded from the floor. The employee noted his great toe was sore but found nothing visibly wrong. He inspected his foot again that evening and the next morning before returning to work, but again he found nothing wrong. The employee regularly checked his feet and two days later observed a black spot on the underside of his toe. The employee went to the emergency room and advised the nurse that his toe had been red and swollen and he "possibly hit [his] foot." He was admitted to the hospital.

The admitting doctor, Dr. Thomas M. Alabanza, diagnosed cellulitis, a severe infection, of the left toe. The doctor wrote the cellulitis seemed to stem from "what appears to be a sore at the bottom of the big toe. . . . Patient has a sore at the bottom of [his] toe where there might have been a break in the skin." A bone scan revealed the employee had osteomyelitis,

-

inflammation of the bone.  Dr. Alabanza wrote:  "it is highly unlikely for cellulitis to develop without trauma or injury. Diabetics are not at high risk of developing cellulitis without trauma," and trauma "is a most common cause" of cellulitis.

Dr. Cesar S. Guanzon amputated the employee's left toe.  He noted that cellulitis could develop several days after blunt trauma and that breaking the skin is not necessary for an infection to develop because sometimes there is an "internal break that you can't see right away."  Dr. Guanzon stated that diabetics were prone to develop infection after blunt trauma more often than the general population.  Dr. John Harrelson, who treated the employee after the amputation, noted the employee experienced "no other specific foot problems until Thanksgiving Day 1997 when he struck his foot on an iron pipe at work and developed an ulcer over the left great toe."

The employee must prove his injury was caused by the work-related injury.  See Westmoreland Coal Co. v. Russell, 31 Va. App. 16, 19-20, 520 S.E.2d 839, 840-41 (1999).  "'The actual determination of causation is a factual finding,' and '[t]he testimony of a claimant may . . . be considered in determining causation, especially where the medical evidence is inconclusive.'"  Russell Stover Candies v. Alexander, 30 Va. App. 812, 826, 520 S.E.2d 404, 411 (1999) (citations omitted). Where the evidence, or the reasonable inferences drawn therefrom, support the commission's findings, they will not be

-

disturbed on review, even though some evidence supports a contrary finding.  See id. at 825, 520 S.E.2d at 411.

The employee had no problems with his feet before he tripped and hit his toe at work.  At first, he did not notice any problems, but evidence proved that cellulitis could develop several days after blunt trauma and was unlikely to occur without trauma.  The evidence also showed that diabetics were more prone than the general population to develop infection. The record supports the commission's finding that the employee injured his toe at work and his diabetes aggravated the injury to the extent of requiring amputation.  Diabetes affected the employee's recovery from the injury, but diabetes did not cause the condition.

The employer cites Kings Market v. Porter, 227 Va. 478, 317 S.E.2d 146 (1984), and argues that mere conjecture is not sufficient to establish a causal connection between an initial injury and a current disability.  In Porter, the employee filed a change in condition application thirteen years after the initial injury.  The application was supported by a doctor's opinion that she was unable to work because of the changed condition.  The Supreme Court reversed the award of benefits because there was no proof of a causal connection between the changed condition and the work injury.  See id. at 484, 317 S.E.2d at 149.  The instant case does not entail linking a changed condition with an earlier accident.  To the contrary,

-

the amputation occurred within two weeks of the injury, and medical evidence established the causal connection.  The record supports the award of benefits.  Accordingly, we affirm the award of benefits.

<u>Affirmed.</u>