COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Salem, Virginia


RICKY A. MILLER
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1176-01-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         NOVEMBER 20, 2001
ISLAND CREEK COAL COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          D. Edward Wise, Jr. (Arrington, Schelin &
          Herrell, P.C., on brief), for appellant.

          Michael F. Blair (Lisa Frisina Clement; Penn
          Stuart, on brief), for appellee.


     Ricky A. Miller (claimant) contends the Workers'

Compensation Commission (commission) erred in terminating his

temporary total disability benefits from Island Creek Coal

Company (employer).  Specifically, claimant argues employer's

change-in-condition application is barred by the doctrine of res

judicata, or, in the alternative, the evidence is insufficient

and does not support the commission's decision to terminate

claimant's benefits.  Finding no error, we affirm.

                         I.  FACTS

     We view the evidence in the light most favorable to the

party prevailing below.  See Westmoreland Coal Co. v. Russell,

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

31 Va. App. 16, 20, 520 S.E.2d 839, 841 (1999). The commission's factual findings will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). "The fact that there is contrary evidence in the record is of no consequence." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

So viewed, claimant, an electrician, sustained a compensable injury on January 31, 1998. Employer accepted the claim, and benefits were paid accordingly. Claimant was released to return to full duty work June 15, 1998. However, claimant chose to retire at that time rather than return to work. The commission entered an award for temporary total disability benefits covering January 31, 1998 through June 15, 1998.

On February 2, 1999, claimant returned to Dr. Alain Desy, his treating physician, with complaints of continued lumbar pain. Dr. Desy opined, "[T]here is no history of recent trauma or injury to his back. It seems that he never was free of symptoms. I do believe that the symptoms are all related to the initial lumbar injury he sustained while working in the mines . . . ." Dr. Desy concluded the claimant was unable to work due to his compensable work injury. Based on Dr. Desy's medical report, employer voluntarily reinstated benefits and the

-

commission issued an award for temporary total disability benefits beginning February 2, 1999.

On June 2, 1999, employer sent claimant to Dr. William McIlwain for an independent medical evaluation. Dr. McIlwain opined that claimant's "current medical condition as a result of his injury is improved." However, he also said claimant exhibited "symptom magnification and positive distraction tests" that prevented him from determining if claimant was temporarily totally disabled.

Dr. Desy reviewed Dr. McIlwain's report and "basically agree[d]" with the recommendations of Dr. McIlwain. Claimant treated with both physicians from June 1999 to June 2000. In a letter to the carrier dated March 7, 2000, Dr. McIlwain stated "[I]t is my feeling that [the claimant's] findings on both physical examination as well as imaging studies are consistent with continuing symptoms of spinal stenosis. This pre-existed his industrial injury." Dr. Desy reviewed Dr. McIlwain's letter and responded "I don't agree with that finding [of spinal stenosis] since I never had any clinical evidence of spinal stenosis initially and after following Mr. Miller for two years. By reviewing Dr. McIlwain's evaluation of June 1999, I don't have any clinical findings or signs pointing at the possibility of spinal stenosis."

Employer filed a change-in-condition application based on the March letter from Dr. McIlwain. Claimant argued that res

-

judicata barred the commission's re-litigation of the earlier award reinstating benefits in February.  The commission found that the doctrine of res judicata was inapplicable and that the employer met its burden of proof on the change-in-condition application and terminated benefits.

## II.  RES JUDICATA

Claimant first contends employer's change-in-condition application is barred by the doctrine of res judicata because it asked the deputy commissioner to "re-litigate" the issue of causation of claimant's symptoms.  We disagree.

"A final judgment based on a determination by the commission on the issue of causation conclusively resolves the claim as to that particular injury.  Thereafter, absent fraud or mistake, the doctrine of res judicata bars further litigation of that claim."  AMP, Inc. v. Ruebush, 10 Va. App. 270, 274, 391 S.E.2d 879, 881 (1990) (citing K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985)).

Claimant contends that the holding in Ruebush requires reversal of the commission; however, Ruebush is distinguishable from the instant case.  We held in Ruebush that prior determinations of causation cannot be re-litigated.  That holding does not prevent employers from challenging the relationship of a current disability to the compensable work injury.  In Ruebush, the employee filed two change-in-condition applications.  The commission denied the first application

-

because it lacked medical documentation.  The commission awarded

benefits on the second application incorporating by reference

all prior opinions.  Employer argued that a change-in-condition

application did not allow the commission to re-adjudicate its

prior decision on causation.  The Supreme Court agreed and set

forth the distinction between employer and employee

applications.

> [The difference between an employer's
> application for termination of benefits
> based on a change in condition and an
> employee's application for reinstatement of
> disability benefits is that in an employer's
> change of condition application] the only
> question is whether the employee's prior
> condition of work incapacity has changed;
> the question of causal connection is not an
> issue.  On the other hand, when an employee
> files an application for reinstatement of
> disability benefits, two questions arise:
> (1) has there been a change in the
> employee's capacity to work; (2) if so, is
> the change due to a condition causally
> connected with the injury originally
> compensated.

King's Market v. Porter, 227 Va. 478, 483, 317 S.E.2d 146, 148

(1984).  Accordingly, employer, by filing a change-in-condition

application after the issuance of an award, had to prove that

claimant's prior work incapacity changed and was no longer

related to the work injury.

Pursuant to Code § 65.2-708[1] an employer may, at any time

after the injury, file a change-in-condition application.

---

[1] Code § 65.2-708 provides in pertinent part:  A.  Upon its
own motion or upon the application of any party in interest, on

-

"Where . . . causal connection between an industrial accident and disability has been established by the entry of an award, an employer has a right to apply for termination of benefits upon an allegation that the effects of the injury have fully dissipated and the disability is the result of another cause." Celanese Fibers Co. v. Johnson, 229 Va. 117, 120, 326 S.E.2d 687, 690 (1985).

The voluntary reinstatement of benefits by the employer and the issuance of an award by the commission memorializing the voluntary reinstatement of benefits does not forever bar the employer from filing a change-in-condition application challenging the relationship of the compensable injury to the claimant's current medical condition. See id. See also Code § 65.2-708(A). Applying this standard to the instant case, employer was not re-litigating the cause of claimant's earlier work-related disability. Rather, it relied on Dr. McIlwain's assessment that claimant's current condition was unrelated to his earlier compensable injury and was a result of age-related spinal stenosis. Thus, we hold the doctrine of res judicata does not apply.

---

the ground of a change in condition, the Commission may review
any award and on such review may make an award ending,
diminishing or increasing the compensation previously
awarded . . . .

-

III.  SUFFICIENCY OF THE EVIDENCE

Claimant next contends that no credible evidence supports the commission's decision to terminate his benefits and the employer failed to meet its burden of proof.

"The employer bears the burden of proving by a preponderance of the evidence the allegations contained in its application for a change in condition."  Westmoreland Coal, 31 Va. App. at 19-20, 520 S.E.2d at 841 (citing Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1970)).  In general, the commission will give greater weight to the treating physician's opinion over a non-treating physician.  See Pilot Freight, 1 Va. App. at 439, 339 S.E.2d at 572.  "'The probative weight to be accorded [medical] evidence is for the Commission to decide; and if it is in conflict with other medical evidence, the Commission is free to adopt that view "which is most consistent with reason and justice."'"  Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (quoting C.D.S. Services v. Petrock, 218 Va. 1064, 1070, 243 S.E.2d 236, 241 (1978)).

In the instant case, the commission was "more persuaded by Dr. McIlwain's well-reasoned opinion . . . than . . . Dr. Desy's less well-explained opinion to the contrary."  In reviewing the evidence, the commission found "Dr. McIlwain's testimony specifically differentiated between a pre-existing symptomatic stenoic condition and symptoms attributable to the claimant's

-

industrial injury."  Further, the commission stated "Dr. McIlwain's opinion is consistent with the uncontradicted evidence that the claimant was released to return to his regular work without restriction by Dr. Desy in June 1998, that he went nearly eight months without additional medical treatment for any back pain and that the recurrence of his symptomatology did not result from any specific aggravation of his back."  The record supports the commission's finding that the claimant's disability was not related to his compensable injury, and we hold there is credible evidence to support the commission's decision.

For the foregoing reasons, the decision of the commission is affirmed.

<u>Affirmed.</u>

-