COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and Humphreys
Argued at Alexandria, Virginia


DAVID BIRMINGHAM, JR.

                              MEMORANDUM OPINION[*] BY
v.    Record No. 0039-01-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                 JANUARY 15, 2002
CENTURY CONCRETE, INC. AND
 PENNSYLVANIA MANUFACTURER'S
 INDEMNITY INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

      David R. Birmingham, Jr., pro se.

      Jennifer G. Tatum (Clarke, Dolph, Rapaport,
      Hardy & Hull, P.L.C., on brief), for
      appellees.


    David Birmingham, Jr. (claimant), contends the Workers'

Compensation Commission (commission) erred in its finding that

(1) his neck injury was not related to his February 26, 1997

compensable work injury and (2) there is no ongoing disability

related to his compensable hand and wrist injuries sustained

February 26, 1997.[1]  Finding no error, we affirm the commission's

decision.

---

    *  Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

    [1] Claimant also contends he should be reimbursed for his
mileage.  This issue is barred under Rule 5A:18.  It was not
raised before the commission or addressed in any opinion and,
thus, was not preserved for appeal.

## I. FACTS

We view the evidence in the light most favorable to the employer, who prevailed below. See <u>Westmoreland Coal v. Russell</u>, 31 Va. App. 16, 20, 520 S.E.2d 839, 841 (1999). The commission's factual findings are conclusive and binding on this Court when those findings are based on credible evidence. See <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989); Code § 65.2-706. "The fact that there is contrary evidence in the record is of no consequence." <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

So viewed, claimant, a carpenter, sustained compensable injuries to his wrists and hands, chest, and face when he fell from a ladder on February 26, 1997. Employer accepted the claim, and benefits were paid accordingly. Claimant treated with Dr. Robert J. Snyder for his hand injuries. Dr. Snyder performed two carpal tunnel releases. Claimant was eventually released to return to light duty work. He was later fired by employer for a violation of the company drug policy, and his indemnity benefits were terminated. He moved to New York and failed to follow up with Dr. Snyder.

Claimant sought medical treatment in New York with Dr. R.J. Mutty in January 1998 for his hand injuries. Dr. Mutty referred claimant for testing and then to a hand surgeon, Dr. Jon B. Loftus. Dr. Loftus stated "with regard to the pain, I don't really know what is causing it without any other objective

-

evidence and pathology."  He referred claimant to a pain clinic. In August 1998, the pain clinic referred claimant to Dr. Arnold A. Criscitiello for evaluation of complaints of neck pain.  In September 1998, claimant was involved in a serious motor vehicle accident in which the vehicle rolled over and the driver was killed.  Claimant arrived at the emergency room complaining of head and neck pain.  Also in September 1998, claimant agreed to a settlement of a prior workers' compensation claim with a previous employer, waiving his right to future medical benefits for a neck injury that required surgery.

Claimant then began treating with Dr. Criscitiello, Dr. James W. Holsapple, and Dr. Warren T. Rinehart for his neck pain.  Claimant gave a history to each of these physicians that he had been injured and required C5-6 fusion in 1989, had been involved in a motor vehicle accident in December 1993 in which he fractured C3 and required a fusion at C6-7, underwent bilateral carpal tunnel releases as a result of the February 1997 injury, and, in September 1998, had been involved in the motor vehicle accident.  Claimant also reported his neck pain began after the February 1997 injury.  X-rays taken after the February 1997 injury show a non-union at the C6-7 fusion and degenerative changes.  A CT scan after the serious September 1998 motor vehicle accident shows a new herniation at C4-5.

In May 1999, Dr. Snyder, his prior treating orthopedic physician, reviewed the available medical information at the

-

request of the employer and opined regarding claimant's neck injury, "I can in no clear terms state that the patient's present condition is at all related to his injury."

Claimant filed applications December 11, 1998 and June 1, 1999 alleging his neck injury was a result of the February 26, 1997 compensable accident and a change in condition of his hand injuries. The deputy commissioner found the opinion of Dr. Snyder "to be the most persuasive and most consistent with reason and justice" and held claimant failed to prove (1) his neck injury was a result of the February 26, 1997 accident and (2) he had ongoing disability related to his hand injuries. The deputy commissioner specifically addressed claimant's credibility in his opinion.

> The Commission had the opportunity to view the demeanor of the claimant and does not find his testimony to be candid or credible. He is an admitted felon, and we are deeply concerned about his use and abuse of prescription drugs and marijuana. His employer warned him to refrain from drug usage and when he did not, that was the reason for his termination for cause. He had been involved in numerous industrial and automobile accidents. He had numerous financial settlements for prior injuries, including a settlement where he waived all benefits for a neck problem, similar to the present claim. In addition, he did not begin to pursue the alleged neck problems from this accident until after the settlement of his prior neck claim and after his initial claim for benefits in this case had been rejected by the Full Commission and the Court of Appeals.

Claimant appealed the decision to the full commission. The commission held that claimant's neck injury was not a result of the February 26, 1997 accident and any disability resulting from that injury was not compensable and that he failed to prove he had any ongoing disability related to his hand and wrist injuries.

The commission also cited the deputy commissioner's finding regarding the claimant's credibility.

> We recognize that the claimant has testified that he regularly told all of his physicians about this neck pain and problems following the accident. It is apparent that the claimant mentioned to at least two of his physicians, at some point in time, that his neck was bothering him. However, none of his physicians found these complaints significant enough to memorialize until nearly a year and a half after the accident. The Deputy Commissioner questioned the veracity of the claimant's testimony, citing his own observation of the claimant's demeanor at the hearing, his felony conviction and history of drug abuse, as well as claimant's prior settlement of a similar neck injury claim whereby he waived medical benefits. We find no fault in these findings.

The claimant appealed from that decision.

## II. SUFFICIENCY OF THE EVIDENCE

We view the evidence in the light most favorable to the party prevailing below in determining whether credible evidence exists to support the necessary factual findings. Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). On appeal, factual findings of the

-

commission will not be disturbed if based on credible evidence.

Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mech. Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnessess." Wagner Enters., Inc. v. Brooks, 12 Va. App. 809, 894, 407 S.E.2d 32, 35 (1991).

"'The probative weight to be accorded [medical] evidence is for the Commission to decide; and if it is in conflict with other medical evidence, the Commission is free to adopt that view "which is most consistent with reason and justice."'" Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (quoting C.D.S. Services v. Petrock, 218 Va. 1064, 1070, 243 S.E.2d 236, 241 (1978)).

In the instant case, credible evidence supports the commission's decision that claimant failed to prove (1) his neck injury was a result of the February 26, 1997 compensable work injury and (2) he had ongoing disability as a result of his

-

compensable hand and wrist injuries.  The commission determined

Dr. Snyder's report to be the most persuasive.  In reviewing the

evidence, the commission found

> [t]he medical opinions in the record do not
> support the claimant's position.  Dr. Snyder,
> who was the claimant's primary physician for
> approximately ten months following the
> accident, could not causally relate the neck
> injury to the accident.  Dr. Loftus - - who
> treated him for his hand and wrist pain - -
> did not offer an opinion about the cause of
> the claimant's neck pain.  Although Dr. Nebab
> was consulted for pain management, he failed
> to record any complaint of neck pain by the
> claimant, and did not offer any opinion as to
> its cause.  While not specifically offering
> an opinion as to the cause of the claimant's
> neck pain, Dr. Holsapple noted the claimant's
> report that his neck symptoms had worsened
> after the automobile accident in September of
> 1998.
>
> Only Drs. Criscitiello and Rinehart
> suggested that the claimant's neck problems
> were related to the compensable accident.  We
> find, however, that the opinions of these
> doctors are not entitled to significant
> weight because they were either misinformed
> or uninformed about crucial facts.

In addressing claimant's ongoing hand disability, the

commission stated

> [t]he only physician offering a specific
> opinion causally relating the claimant's
> ongoing hand and wrist pain to the
> compensable accident was Dr. Rinehart.  He
> offered the conclusory opinion that the
> claimant's bilateral hand pain was caused by
> the accident in the context of a one-time,
> independent medical evaluation at the
> claimant's behest for purposes of unrelated
> litigation. . . . [T]he information Dr.
> Rinehart relied upon in rendering his opinion
> was not entirely accurate.

-

The commission's finding, that the medical evidence does not support the claimant's position and that he lacked credibility, is clearly supported by the evidence.  We hold there is ample credible evidence to support the commission's decision.

For the foregoing reasons, the decision of the commission is affirmed.

<u>Affirmed.</u>

-