COURT OF APPEALS OF VIRGINIA


Present:    Judges Annunziata, Felton and McClanahan
Argued at Alexandria, Virginia


CORESTAFF CORP. SERVICES GROUP AND
  HARTFORD UNDERWRITERS INS. COMPANY
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1438-03-4              JUDGE ELIZABETH A. McCLANAHAN
                                                         MARCH 30, 2004
CLIFFORD LLEWELYN CARTER, SR.


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Thomas E. Dempsey (Semmes, Bowen & Semmes, on briefs),
             for appellants.

             Robert A. Mordhorst (Locklin and Mordhorst, on brief),
             for appellee.


      Corestaff Corp. Services Group appeals a decision by the Workers' Compensation

Commission finding that it failed to prove that Clifford L. Carter, Sr. was no longer disabled due

to a work-related injury.  Because credible evidence supports the commission's decision, we

affirm.

                                      I.  Facts

      After an industrial accident, Clifford Carter suffered a compensable back injury.  His

injury was initially diagnosed as an acute lumbosacral strain by Dr. Dennis A. Carlini, who

found Carter unable to work.  Dr. Carlini and his associates treated Carter for approximately two

years.  During that time, Carter was also treated by Dr. Tamim J. Khaliqui, medical director for

the Fairfax Anesthesiology Associates.  Dr. Khaliqui administered steroid injections into Carter's

back.  Dr. Greg Fischer, an associate of the same medical group, examined Carter in a

─────────────────────────
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

re-evaluation visit, and found problems to Carter's back and leg to be "work-related." Shortly thereafter, an associate of Dr. Carlini, Dr. Edward C. Rabbitt, noted that Carter was undergoing steroid injections for his back pain and that the back remained painful. As a result of one of the injections, Carter experienced pain and weakness in one of his knees.

After experiencing ongoing pain, Carter consulted with Dr. Thomas W. Wise, an orthopedic surgeon. Dr. Wise noted that Carter had pain in his knee and his lower back "stem[ming] from a worker's comp injury," and diagnosed Carter with "degenerative disc disease and a lumbar strain, as well as a probable medial meniscal tear and degenerative joint disease of the right knee." Dr. Wise recommended knee surgery.

In October 2001, Corestaff requested an independent medical evaluation of Carter, which was conducted by Dr. Geraldine K. Richter, an orthopedic surgeon. Dr. Richter opined that Carter's pain was no longer associated with the back injury but was due to degenerative disc disease. She stated,

> [T]he patient suffers from chronic lumbosacral strain due to his degenerative disc disease and should have responded to the typical conservative care at this point from the Workmans' Comp injury. His continued complaints I think are due to his underlying degenerative disc disease and at this point not related to the Workmans' Comp injury.

After that evaluation, Carter consulted with Dr. Wise again, who noted that Carter continued to complain of back pain. Dr. Wise recommended that Carter continue his current treatment. He offered no further treatment for the back injury at that time.

Approximately three months later, Carter began treating with Dr. Mark D. Miller of the University of Virginia Health Sciences Center. Dr. Miller performed surgery on Carter's knee in July 2002. About a month after the surgery, Carter returned to Dr. Wise, who assessed Carter's back injury as "[d]egenerative disc disease lumbar spine status post lumbar strain at work."

- 2 -

In April 2002, Corestaff filed an application at the commission alleging that Carter's current disability was unrelated to the original injury by accident. In a deposition taken for the proceedings, Dr. Wise testified that Carter's back condition, within a reasonable degree of medical certainty "had to do with basically a combination of age, genetic factors, and injury to his back, and a persistent injury or lifestyle, which he has done manual labor throughout his life." When asked whether the back condition was tied to Carter's accident, Dr. Wise sated, "I think it could certainly be related to his accident." He also testified that it would be "fair to say" that Carter's treatment was necessitated by the work accident. Dr. Wise also stated, though he had not focused on it, he had not noticed any improvement in Carter's back condition.

After a hearing, the deputy commissioner concluded that Corestaff presented uncontradicted evidence to prove that Carter's disability with regard to his back condition was unrelated to the original accident, and terminated Carter's wage benefits.[1] Carter filed a request for review by the full commission, which reversed the deputy commissioner. In its opinion, it stated,

> The employer sought to prove that the claimant had no disability from the September 1999 injury. We do not believe that the evidence showed that the claimant had no disability from his back condition stemming from the September 1999 injury. Dr. Richter's opinion that the claimant "should have responded to the typical conservative care" notwithstanding, we find that the employer did not prove that the claimant was no longer disabled because of the September 1999 back injury . . . . We believe that the evidence showed that the claimant continued to suffer from and be at least partially disabled by chronic back problems since the September 1999 lifting accident.

The commission then reinstated Carter's wage benefits.

---

[1] The deputy commissioner denied Carter's claim relating to his knee injury. The commission affirmed. The knee injury claim is not at issue in this appeal.

II. Standard of Review

In its role as fact finder the commission "resolves all conflicts in the evidence and determines the weight to be accorded the various evidentiary submissions." Bass v. City of Richmond Police Dep't, 258 Va. 103, 114, 515 S.E.2d 557, 563 (1999). When based on credible evidence, the commission's judgments are "'conclusive and binding as to all questions of fact.'" Id. (quoting Code § 65.2-706(A)); see also Tomes v. James City (County of) Fire, 39 Va. App. 424, 430, 573 S.E.2d 312, 315 (2002); Westmoreland Coal Co. v. Russell, 31 Va. App. 16, 20, 520 S.E.2d 839, 841 (1999). Our deference to the commission's fact finding applies "'even though there is evidence in the record to support a contrary finding.'" S.P. Terry Co., Inc. v. Rubinos, 38 Va. App. 624, 632, 567 S.E.2d 584, 588 (2002) (quoting Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986)). We defer to the commission's assessment of the "'probative weight to be accorded [medical] evidence.'" Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (quoting C.D.S. Const. Servs. v. Petrock, 218 Va. 1064, 1070, 243 S.E.2d 236, 240 (1978)).

III. The Commission Did Not Err in Reversing the Deputy Commissioner

Corestaff contends that the commission erred in rejecting the deputy commissioner's finding that Dr. Richter's "uncontradicted" opinion proved that Carter's back pain was not related to the work accident. It argues that the evidence was not sufficient to reverse the deputy commissioner.

Relying on Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987), Corestaff contends that when the commission reverses a finding of the deputy commissioner on a significant finding of fact, it must demonstrate how it reached a contrary conclusion. However, Goodyear only prohibits the commission from arbitrarily disregarding the deputy commissioner's finding of credibility when that determination is based upon demeanor or

appearance.  Id.  When the deputy commissioner's finding is not based on the witness' demeanor and appearance, nothing in Goodyear prohibits the commission from weighing the evidence upon the substance of the witness' testimony.  "[I]f the deputy commissioner's determination of credibility is based on the substance of the testimony and not upon the witness' demeanor and appearance, such a finding is as determinable by the full commission as by the deputy."  Id.  See Code § 65.2-705(A) ("the full Commission . . . shall review the evidence").

The deputy commissioner's finding was not based on Dr. Richter's demeanor or appearance, so the commission was not bound by that finding and could make its own finding. Here, the commission discounted Dr. Richter's opinion and chose to place more weight on the notes and opinions of Carter's treating physicians, including the contemporaneous notes of Drs. Carlini, Fisher and Wise, and Dr. Wise's deposition testimony.  Credible evidence supports the commission's decision.

IV. Conclusion

We affirm the commission because credible evidence supports its findings.

Affirmed.